```
BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>REAL PROPERTY LOCATED IN<br>NEVADA COUNTY, CALIFORNIA,<br>APN: 61-070-08, INCLUDING ALL<br>APPURTENANCES AND IMPROVEMENTS<br>THERETO,<br><br>REAL PROPERTY LOCATED IN<br>NEVADA COUNTY, CALIFORNIA,<br>APN: 61-140-37, INCLUDING ALL<br>APPURTENANCE AND IMPROVEMENTS<br>THERETO,<br><br>REAL PROPERTY LOCATED IN<br>NEVADA COUNTY, CALIFORNIA,<br>ORIGINAL APN: 61-070-09, CURRENTLY<br>KNOWN AS APN: 61-070-25, INCLUDING<br>ALL APPURTENANCES AND IMPROVEMENTS<br>THERETO,<br><br>REAL PROPERTY LOCATED IN<br>NEVADA COUNTY, CALIFORNIA,<br>ORIGINAL APN: 61-150-08,<br>CURRENTLY KNOWN AS APN: 61-151-08,<br>INCLUDING ALL APPURTENANCES AND<br>IMPROVEMENTS THERETO, and<br><br>REAL PROPERTY LOCATED IN<br>NEVADA COUNTY, CALIFORNIA,<br>ORIGINAL APN: 61-140-43, | 2:09-cv-03542 FCD/EFB<br><br>JOINT STATUS REPORT AND<br>STIPULATION FOR STAY OF<br>FURTHER PROCEEDINGS<br>AND **ORDER** THEREON |

```
CURRENTLY KNOWN AS AND INCLUDING    )
APN: 61-140-52, APN: 61-140-58,     )
APN: 61-140-63, APN: 61-140-69,     )
APN: 61-140-70, APN: 61-140-72,     )
APN: 61-140-74, APN: 61-140-76,     )
APN: 61-140-77, APN: 61-140-78,     )
and APN: 61-140-79, INCLUDING ALL   )
APPURTENANCE AND IMPROVEMENTS       )
THERETO,                            )
                                    )
            Defendants.             )
                                    )
```

Pursuant to this Court's Order Requiring Joint Status Report the plaintiff United States of America and claimants Charles M. Hilkey, Kenneth W. Hermiston, Doug G. Giffin, and Carol Cator as Trustee of the Nathan Hilkey Trust ("Claimants"), submit the following report.

**(a)   Brief summary of the claims and legal theories under which recovery is sought or liability denied:**

Plaintiff has filed a total of four civil <u>in rem</u> forfeiture complaints against real property owned by Charles M. Hilkey. This status report applies only to the fourth case filed: <u>U.S. v. Real Property in Nevada County, 61-070-08, et al.</u>, hereafter referred to as "Hilkey #1-Cherokee/Callahan.["][1]  All known potential claimants in this case have been served, or reasonable attempts to serve them have been made, and the time for these potential claimants to file a claim, and the time for filing

---

[1]   On January 12, 2010, plaintiff and the claimants in the three other cases [<u>U.S. v. Real Property in Nevada County, APN: 61-160-02, et al.</u>, 2:09-cv-03062 FCD-GGH ("Hilkey #2-Sparky/Cherokee"); <u>U.S. v. Real Property in Nevada County, APN: 61-160-05</u>, 2:09-cv-03063 FCD-GGH, "Hilkey #3-Roth"); and <u>U.S. v. Real Property Located at 24271 Hoyt Crossing Road, in Nevada County, APN: 60-360-15</u>, 2:09-cv-03085 FCD-GGH ("Hilkey #4-Lewis)] filed a Joint Status Report and Stipulation for Stay of Further Proceedings. On January 15, 2010, this Court stayed further proceedings in those cases until the criminal case against Charles Hilkey has concluded.

answers, in these cases, has expired.

In addition, publication of the forfeiture on the government's website is not yet complete.  Under Rule G (5)(a)(ii)(B) a person who did not receive direct notice of the forfeiture (e.g. by certified mail or personal service), but who sees the notice of forfeiture on the website, can file a claim as late as 60 days after the first day of publication on the government website.  The first day of publication will be March 2, 2010; accordingly, other potential claimants have until May 3, 2010, to file claims in this action.

The facts are complicated, but the legal theories in this case are straightforward:  Plaintiff United States of America contends the Charles M. Hilkey structured the proceeds of drug trafficking (marijuana) into various bank accounts and then used those funds to purchase the defendant property; and/or used the funds to reduce the principal balance due on a mortgage encumbering the defendant property.  The property is therefore forfeitable to the United States under one or more forfeiture statutes: 18 U.S.C. §  981(a)(1)(A) which provides for the forfeiture of property involved in a money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i); under 18 U.S.C. § 981(a)(1)(A) which provides for the forfeiture of property involved in another kind of money laundering transaction in violation of 18 U.S.C. §  1957; 31 U.S.C. §  5317(c)(2) which provides for the forfeiture of property involved in structuring transactions in violation of 31 U.S.C. §  5324 (a)(3); and 21 U.S.C. §  881(a)(6) which provides for the forfeiture of property derived from the proceeds of drug trafficking.

1   Claimants deny the allegations. Claimant Hermiston claims
2 to be the owner of the parcel identified by Nevada County APN 61-
3 140-77. Claimant Giffin claims to be the owner of a parcel
4 identified by Nevada County APN 61-070-26 but no parcel with this
5 number is listed in the government's forfeiture complaint. The
6 parties are investigating this discrepancy. If the government
7 listed an incorrect parcel number, the government will file an
8 amended complaint to reflect that it intends to forfeit APN 61-
9 070-26 rather than parcel 61-070-25 as is currently listed in the
10 complaint. In the alternative, if the government correctly
11 listed parcel 61-070-25, Giffin will determine whether he has a
12 claim to that parcel and will file an amended claim if necessary.
13 Carol Cator, as Trustee of the Nathan Hilkey Trust, claims to be
14 the owner of the parcel identified as Nevada County APN 61-140-
15 52. Claimant Hilkey claims to be the owner of the remaining
16 parcels.

17   **(b)  Status of service upon all defendants and cross-
         defendants and claimants:**
18

19   All potential claimants to the real property have been
20 served, and the time for filing claims has expired.

21   **(c)  Possible joinder of additional parties:**
22   Plaintiff does not anticipate that there will be any
23 additional parties, but it is possible that a person who sees the
24 notice of forfeiture on the government website will file a claim
25 and answer and will therefore become a party.

26   **(d)  Contemplated amendments to the pleadings:**
27   The parties do not contemplate amending the pleadings. In
28 light of the requested stay (see below) plaintiff does not object

4   Joint Status Report; Stipulation for Stay;
                                                              Order

if the parties to this stipulation file their Answers after the stay is lifted.

**(e) Statutory basis for jurisdiction and venue**:

Jurisdiction is based on 28 U.S.C. §§ 1345 and 1355(a). Venue is based on 28 U.S.C. §§ 1355(b) and 1395, and 21 U.S.C. § 881(j).

**(f) Anticipated discovery and the scheduling of discovery, including:**

**(1) what changes, if any, should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions. See Fed.R.Civ.P. 26(a)(1)(B)(ii).

In addition, the parties request that a stay of further proceedings be entered at this time pending the outcome of the related criminal case now pending against claimant Hilkey. Hilkey is a defendant in <u>U.S. v. Charles M. Hilkey, Jr., Rachelle Sari Garnitz, and Bram Gabriel Lewis</u>, 2:09-cr-00412 FCD now pending in this court.

The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). As explained above in (a) above, the plaintiff contends that the claimant Hilkey was involved in drug trafficking; structured currency into multiple bank accounts; and used the proceeds to purchase the defendant property and/or used drug proceeds to reduce the principal balance due on a mortgage encumbering many of the parcels.

1  If discovery proceeds at this time, claimant Hilkey will be
2  placed in the difficult position of either invoking his Fifth
3  Amendment right against self-incrimination and losing the ability
4  to pursue his claims to the defendant property, or waiving his
5  Fifth Amendment right and submitting to a deposition and
6  potentially incriminating himself.  If he invokes his Fifth
7  Amendment right, the plaintiff will be deprived of the ability to
8  explore the factual basis for the claims they filed with this
9  court.

10  In addition, claimants intend to depose, among others, the
11 agents involved in this investigation, including but not limited
12 to the agents with the Internal Revenue Service.  Allowing
13 depositions of the law enforcement officers at this time would
14 adversely affect the ability of federal authorities to
15 investigate the underlying criminal conduct.

16  The parties recognize that proceeding with this action at
17 this time has potential adverse affects on the prosecution of the
18 pending criminal case, and/or upon claimants' ability to prove
19 their claim to the property and assert any defenses to
20 forfeiture.  For these reasons, the parties jointly request that
21 this matter be stayed until the related criminal case is over.
22 At that time the parties will advise the court whether a further
23 stay is necessary.

24  **(2) the subjects on which discovery may be needed;
        when discovery should be completed; and whether
25      discovery should be conducted in phases**;

26  As explained above the parties request a stay of further
27 proceedings.
28 //

**(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

The parties do not request any changes in the discovery limitations imposed by Fed.R.Civ.P. 26(b)(2), 30, or 33.

**(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);**

As explained above the parties request a stay of further proceedings, including expert disclosure.

**(5) Proposed dates for discovery cut-off:**

Not applicable in light of requested stay of further proceedings.

**(g) Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard:**

Not applicable in light of the requested stay of further proceedings.

**(h) Proposed date for final pretrial conference:**

Not applicable in light of the requested stay.

**(i) Proposed date for trial, estimate of days of trial, and whether any party has demanded a jury:**

Not applicable in light of the requested stay.

**(j) Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c):**

None.

//

//

    **(k) Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:**

None.

    **(l) Whether the case is related to any other case pending in this district, including the bankruptcy courts of this district:**

This case is related to <u>U.S. v. Real Property in Nevada County, APN: 61-160-02, et al</u>., 2:09-cv-03062 FCD-GGH ("Hilkey #2-Sparky/Cherokee"); <u>U.S. v. Real Property in Nevada County, APN: 61-160-05</u>, 2:09-cv-03063 FCD-GGH, "Hilkey #3-Roth"); and <u>U.S. v. Real Property Located at 24271 Hoyt Crossing Road, in Nevada County, APN: 60-360-15</u>, 2:09-cv-03085 FCD-GGH ("Hilkey #4-Lewis) and to <u>U.S. v. Charles Miller Hilkey, Jr. et al</u>., 2:09-cr-412 FCD.  A Notice of Related Cases has been filed in each of the four civil cases and in the criminal case.

    **(m) Prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge**:

Prospects for settlement are unknown at this time.

    (n) **Any other matter that may be conducive to the just and expeditious disposition of the case.**

None.

Date: March 1, 2010         BENJAMIN B. WAGNER
                                   United States Attorney

                                   By  <u>/s/ Kristin S. Door</u>
                                       KRISTIN S. DOOR
                                       Assistant U.S. Attorney
                                       Attorneys for Plaintiff
                                       United States of America

//

//

1 | Dated: March 1, 2010          BLACKMON & ASSOCIATES

                              By   /s/ Clyde M. Blackmon
                                   CLYDE M. BLACKMON
                                   Attorney for claimant
                                   Charles M. Hilkey, Jr.


Dated: March 1, 2010
                                   /s/ Stephen A. Munkelt
                                   STEPHEN A. MUNKELT
                                   Attorney for claimants
                                   Kenneth W. Hermiston,
                                   Doug G. Giffin, and Carol Cator
                                   As Trustee of the Nathan Hilkey
                                   Trust

                                   Original signatures retained by
                                   AUSA Door)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the related criminal case is over.  Within 30 days after all proceedings in U.S. District Court in U.S. v. Hilkey et al., have concluded, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: March 2, 2010

                                   _____
                                   FRANK C. DAMRELL, JR.
                                   UNITED STATES DISTRICT JUDGE